ECHAVARRÍA ET AL., APPELLANTS, *v.* REGISTRAR OF AGUADILLA, RESPONDENT.

Appeal from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Partition.

No. 281.—Decided June 9, 1916.

ADMINISTRATIVE APPEAL—ACQUIESCENCE—CURABLE DEFECT.—When one of the grounds of appeal is an objection to the defects assigned in a former decision

not subject to objection because acquiesced in, the supreme court should limit itself to considering and deciding whether said defects have been cured by the interested party.

ID.—PARTITION—APPROVAL—RATIFICATION—RECORD OF TITLE.—When a registrar refuses to record a partition on the ground that it has not been approved by the court or ratified by an heir who has attained his majority since the date on which the partition was made, the only means of correcting the defect is by presenting proof of the approval of the court or of the ratification by the heir.

ID.—DEFECTS—RECORD OF TITLE.—A registrar should not assign defects in a second decision which he did not point out in the first decision, for he is required to state all the legal grounds for his refusal in a single decision. The assignment of some grounds and the failure to assign others denote that only those assigned influenced the registrar in refusing to admit the instrument to record.

ID.—CANCELLATION OF TRANSFERS—DEFECTS—EXAMINATION OF RECORDS.—When in his first decision the registrar has assigned as a defect the failure to cancel certain transfers which he deems in force and documentary evidence is presented to him later tending to prove the cancellation, before refusing a second time to make the record he should examine the records in the registry and state whether or not the cancellations had been made and, consequently, whether the defect assigned by him has ceased to exist.

ID.—DEFENSOR—DEFECT.—The failure to show the character of a defensor of a minor in the registry is a curable defect.

The facts are stated in the opinion.

The appellants appeared *pro se.*

The acting registrar did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The District Court of Mayagüez, by its judgment of December 24, 1903, affirmed by this court, annulled the partition of the estate of Venancio Esteves y Serrano, who died on March 14, 1892, leaving a will executed on the same day, which partition had been made by the widow and heirs on January 12, 1901. On March 15, 1907, the said widow and heirs made a new partition, which was duly protocoled on May 23, 1914. In that partition two parcels of land, representing the hereditary interests of the widow and of heir Segundo Esteves Alers, were conveyed to Herminia, Ignacia and José Echavarría y Maisonave in payment of a mortgage held by them and guaranteed by the said widow and heir.

The said partition was presented in the Registry of Property of Aguadilla for the purpose of recording the parcels of land conveyed to Herminia, Ignacia and José Echavarría y Maisonave, and was denied admission to record by the registrar for the reasons stated in the following decision:

"The foregoing instrument is denied admission to record as to the parcels of 129.30 and 30.70 *cuerdas* of land situated in the ward of Culebrinas at a place known as 'Sonador,' in San Sebastián, and conveyed to Herminia, Ignacia and José Echavarría y Maisonave, the only properties sought to be recorded, because although Rafaela Esteves Alers was a minor when the said partition was made, the proper authorization of court was not obtained and the said heiress did not ratify her act when she attained her majority; and also because the main property, from which the said parcels are now again segregated, was conveyed to María Santoni y Aramburu, Víctor Martínez, L. Orfila & Company, Isabel Alers and Monserrate, Mercedes and Rafaela Esteves Alers by virtue of the partition made on January 12, 1901, and annulled by the Mayagüez court, the said transfers being still in force inasmuch as they have not been canceled, as are also the transfers made to Víctor Primo Martínez y González of parts of the property so conveyed. In lieu thereof the cautionary notice prescribed by law is entered for the legal period in favor of the applicants, on page 56 of volume 31 of San Sebastián, properties Nos. 1775 and 1776, entry letters 'A' and 'A,' after examining other documents; with the curable defects that Isabel Alers has not proved her status of heiress of Ventura Esteves Alers; that Segundo Esteves Alers has not established his character of legal representative of his minor sister Rafaela, and that Alberto Bravo and Lorenzo Orfila have not shown in what capacity or with what authority they participated in the new partition of the estate of Venancio Esteves y Serrano."

The said decision was not appealed from within the time allowed.

The same partition was presented anew in the said registry on March 25, 1916, together with various documents tending to cure the defects which had prevented its admission to record, and the registrar again refused to record the same for the following reasons: .

'"The foregoing instrument, deed No. 58, executed in this city on May 23, 1914, before Notary Arturo Reichard del Valle, accompanied by other documents, is denied admission to record as to the parcels of 129.30 and 30.70 *cuerdas* of land situated in the ward of Culebrinas at a place called 'Sonador' of the municipal district of San Sebastián, and a cautionary notice is entered for a period of 120 days in favor of Herminia, Ignacia and José Echavarría Maisonave on folios 54 and 64 of volume 31 of the municipality of San Sebastián, properties Nos. 1775 and 1776, entry letters B respectively, because of the following incurable defects: First, because although Rafaela Esteves Alers was a minor when the partition of the estate was made, the said partition was not submitted to the proper court for approval (sec. 71 of the act relating to special legal proceedings of March 9, 1905, as amended by the Act of March 8, 1906, p. 167); second, because the partitioner, Venancio Cabrero, appointed by the testator in his will, took no part in the partition of the estate in which the minor Rafaela Esteves Alers has an interest, and because the executrix, Isabel Alers, in default of his appearance, neither applied for nor obtained the appointment of another partitioner by the proper district court to make the partition of the estate (sec. 67 of the act relating to special legal proceedings of March 9, 1905, as amended by the said act of 1906); third, because no appeal having been taken within the proper time from the decision of this registry of September 8, 1914, refusing to record the document previously presented, and the corresponding cautionary notice having been entered as a consequence of such refusal, it follows that the decision has been acquiesced in, a fact which bars incessant renewal of notices of unrecorded titles, and that the party interested in obtaining the record sought has not corrected all the defects previously assigned, which are those referred to in the former decision as well as the failure of Segundo Esteves Alers to prove his status of representative of his minor sister, Rafaela Esteves Alers, if he be able to do so, seeing that it has been shown that his interest in the estate conflicts with hers, inasmuch as he participates in the partition also as a personally interested party.   (Decisions of the General Directorate of Registries of Spain of May 30, 1878, and June 13, 1890, and Decisions of the Supreme Court of Porto Rico of June 25 and November 4, 1909, [15 P. R. R. 542 and 657], and of June 23, 1910, [16 P. R. R. 605])."

Herminia, Ignacia and José Echavarría Maisonave ap-

pealed from the said decision and assign the following grounds for its reversal:

*First.* That section 71 of the Act relating to special legal proceedings, relied on by the registrar, is not applicable to the case, because the lack of approval by the court in such case may be supplied by the ratification of all the parties in interest who are of age, and all who took part in the partition in this case were of age when the appellants applied to the registrar for the recording of their titles to the parcels of land conveyed to them.

*Second.* That the intervention of the partitioner appointed by the testator was unnecessary in the partition of the estate of Venancio Esteves Serrano, nor was it necessary to appoint another partitioner to substitute him.

*Third.* That the conveyances which prevented the record, although in force when the registrar rendered his first decision, had been canceled at the time the second application for record was made; that the failure of Segundo Esteves Alers to establish his character of representative of his sister Rafaela is a curable and not an incurable defect, and that the interests of said legal representative did not conflict with those of his sister Rafaela.

*Fourth.* That the time during which the partitioner should make the partition of the estate is governed by the provisions relating to executors by analogy, and one year having elapsed without any extension of time having been granted by the testator or the parties in interest, the partition made subsequently by the adult heirs should be considered valid.

We cannot consider the first ground of appeal inasmuch as its object is not to correct but to object to the first defect assigned in the decision of September 8, 1914, which decision cannot be attacked because it was acquiesced in by the party in interest by operation of law.

In the present case we must confine our action to an axamination and determination of whether or not the defects assigned by the registrar in the said decision have been

corrected, pursuant to the doctrine laid down by this court in the cases of *Hernández* v. *The Registrar of Property,* 14 P. R. R. 768; *Barreras* v. *The Registrar,* 15 P. R. R. 542, and *Behn* v. *The Registrar,* 21 P. R. R. 486.

It is true that there are documents among those presented to the registrar with the second application for record, on which the present appeal is based, which go to show that Rafaela Esteves Alers is now of age, having been born in the year 1887, but those documents do not show that she had attained her majority on March 15, 1907, when the partition was made. The only way of correcting the defect assigned by the registrar in his decision of September 8, 1914, namely, the lack of the court's approval or of ratification by Rafaela Esteves Alers, was by presenting proof of such approval or ratification.

Nor are we called upon to consider the second ground of appeal on its merits, for the defect mentioned therein was not assigned in the first decision of September 8, 1914, and, therefore, the registrar should not have assigned it in his second decision.

When the registrar refuses to record an instrument it is his duty to set forth in a single decision all the legal grounds of his denial, according to the jurisprudence already established by the General Directorate of Registries of Spain and confirmed by the provisions of section 1 of the Act governing appeals from the decisions of registrars, approved March 1, 1902. The assignment of some grounds without assigning others shows that only those assigned influenced the registrar to refuse the record. *Roig* v. *The Registrar of Property,* 18 P. R. R. 11.

The registrar exceeded his authority when in his second decision he assigned as a defect the failure of the partitioner to take part in the partition.

As to the third ground of appeal, the appellant has presented to this court a document tending to show that the cancellations alluded to were made in the registry after the

decision of September 8, 1914, and prior to the decision appealed from, but it does not appear that the said document was presented in the registry with the second application for record; therefore we cannot consider it in order to decide whether the conveyances had been canceled or not. After an examination of the records of the registry the registrar should have determined whether the cancellations had been made or not and, consequently, whether the second defect assigned in his decision of September 8, 1914, had ceased to exist, expressly stating his finding on this point in the decision now under consideration.

The character of representative of the minor Rafaela Esteves Alers has not been proved; therefore it exists as a curable defect, as stated by the registrar in his decision of September 8, 1914, and not as incurable one. As to whether the interests of Segundo Esteves Alers in his own right were incompatible with his status of representative of his sister Rafaela, that point cannot be discussed in this appeal for the reason that it was not assigned as a defect in the first decision, and cannot serve as a ground for the second.

Nor can the fourth ground be considered in this appeal, for, as we have stated, our action must be confined to an examination and determination of whether or not the defects assigned in the decision of September 8, 1914, have been corrected.

Regarding the curable defects assigned in the said decision, that consisting of the failure to prove that Isabel Alers appeared as heiress of Ventura Esteves Alers has been cured by the presentation of a proper certificate, and the character in which Lorenzo Orfila participated in the partition has been shown by a public document. The same has not been done regarding the representation of Alberto Bravo.

For the foregoing reasons, and in view of those contained in the decision of April 3, 1916, not inconsistent therewith, the decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.